UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL G. KAHN,<br><br>   Plaintiff,<br><br>v.<br><br>UTLS DEFAULT SERVICES, LLC; et al.,<br><br>   Defendants. | 3:10-cv-0709-LRH-VPC<br><br>ORDER |

Before the court is defendants U.S. Bank, N.A. ("U.S. Bank") and Deutsche Bank National Trust's ("Deutsche") renewed motion to dismiss (Doc. #57[1]) to which defendant UTLS Default Service, LLC ("UTLS") (collectively "defendants") joined (Doc. #58). Plaintiff Paul G. Kahn ("Kahn") filed an opposition (Doc. #67) to which defendants replied (Doc. #68).

## I. Facts and Background

In December 2004, Kahn purchased real property through a mortgage note and deed of trust originated by defendant Downey Savings and Loan Association ("Downey"). Kahn defaulted on the mortgage and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Kahn filed a complaint against defendants for wrongful foreclosure. Doc. #7. In response, defendants filed a motion to dismiss (Doc. #12) which was granted by the court

---

[1] Refers to the court's docket entry number.

(Doc. #48). However, the court granted Kahn leave to file an amended complaint to set out specific causes of action. *Id*.

On June 20, 2012, Kahn filed an amended complaint alleging two identified causes of action: (1) violation of NRS 108.080; and (2) conversion. Doc. #49. Thereafter, defendants filed the present motion to dismiss. Doc. #57.

## II. Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

2

the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. NRS 107.080

In his amended complaint, Kahn alleges that defendants violated NRS 107.080 because defendants did not have standing to file the underlying notice of default or conduct a non-judicial foreclosure. *See* Doc. #49.

The court has reviewed the documents and pleadings on file in this matter and finds that Khan's claim is without merit. Under Nevada law, a trustee under a deed of trust can initiate a non-judicial foreclosure and record a notice of default. *See* NRS 107.080(4). Therefore, the court finds as a matter of law that defendants had standing to initiate non-judicial foreclosure proceedings.

#### B. Conversion

A claim for conversion requires a physical act of dominion over personal property. *See Winchell v. Schiff*, 193 P.3d 946 (pin cite) (Nev. 2008). Here, Khan's claim is one for dominion over real property, rather than personal property. As such, his claim cannot be sustained as a matter of law. *See Corn v. Recontrust Co., N.A.*, 2011 U.S. Dist. Lexis 34032, *17 (D. Nev. 2011). Therefore, the court finds that Khan fails to state a claim for conversion upon which relief can be granted. Accordingly, the court shall grant defendants' renewed motion to dismiss.

///

///

///

1  IT IS THEREFORE ORDERED that defendants' renewed motion to dismiss (Doc. #57) is
2  GRANTED. Plaintiff's amended complaint (Doc. #49) is DISMISSED in its entirety.
3
4  IT IS SO ORDERED.
5  DATED this 27th day of November, 2012.
6
   _____
   LARRY R. HICKS
7  UNITED STATES DISTRICT JUDGE